# UNITED STATES DISTRICT COURT
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Chuang HU**<br>Room 1802, No. 26, Lane 1028<br>Changshou Rd., Putuo District<br>Shanghai, China 200438<br><br>**Rong QIAN**<br>Room 602, No. 4, Lane 85<br>West Suzhou Rd., Jian'an District<br>Shanghai, China 200041<br><br>**Zaiyi QIAN**<br>No. 135, Jiayuan Villa, Lane 658<br>Jiajian Highway, Jiading District<br>Shanghai, China 201822<br><br>       *Plaintiffs*<br><br>       **v.**<br><br>**Jeh Charles JOHNSON**, Secretary<br>U.S. Department of Homeland Security;<br>3801 Nebraska Ave NW<br>Washington, DC 20016<br><br>**Leon RODRIGUEZ**, Director<br>U.S. Citizenship and Immigration Services;<br>20 Massachusetts Ave, NW<br>Washington, DC 20529<br><br>**Kathy BARAN**, Director, California Service Center<br>U.S. Citizenship & Immigration Services;<br>24000 Avila Rd., Floor 2, Room 2312<br>Laguna Niguel, CA 92677<br><br>**Nicholas COLUCCI,** Chief<br>Immigrant Investor Program<br>U.S. Citizenship & Immigration Services;<br>131 M Street, NE<br>Washington, DC 20529<br><br>**James B. COMEY**, Director<br>Federal Bureau of Investigation<br>935 Pennsylvania Ave, NW<br>Washington, DC 20535 | Civil No.:_____<br><br><br><br>**COMPLAINT TO COMPEL<br>AGENCY ACTION AND<br>FOR WRIT OF *MANDAMUS*** |

)

***Defendants.***                                    )

---

# I. <u>PRELIMINARY STATEMENT</u>

1.   This is a civil action to compel agency action unreasonably delayed, pursuant to 5 U.S.C. § 555(b) and § 706(1) of the Administrative Procedure Act ("APA"), and petition for *mandamus* relief, pursuant to 28 U.S.C. § 1361 of the Mandamus and Venue Act of 1962.

2.   Plaintiffs each made qualifying investments of $500,000 and filed Forms I-526, Immigrant Petition by Alien Entrepreneur, with United States Citizenship and Immigration Services ("USCIS"), pursuant to the Immigration and Nationality Act ("INA") § 203(b)(5), 8 U.S.C. § 1153(b)(5), however, the Defendants have refused or willfully failed to process or adjudicate Plaintiffs' petitions.

3.   Defendants' delay has caused Plaintiffs' individual $500,000 investments to remain at risk and has deprived them of the opportunity to become Lawful Permanent Residents ("LPRs") of the U.S., and unreasonably delayed Plaintiffs' potential opportunity to recoup their investments.  Moreover, the longer Plaintiffs are forced to wait for an adjudication of their Petitions, the longer their investments remain at risk and subject to substantial loss.

4.   Plaintiffs have made several attempts to seek Defendants' adjudication of their respective Petitions, including numerous case inquiries with USCIS. *See Exhibit 7.*  Defendants have refused to provide any substantive information regarding when Plaintiffs can expect a decision on their Petitions. *Id.* Plaintiffs have no other administrative remedies available to compel Defendants to act.  Defendants' willful failure to adjudicate Plaintiffs' Petitions have caused and will continue to cause irreparable harm to Plaintiffs by depriving them of the ability to pursue employment-based, fifth preference immigrant visas for which they are *prima facie* eligible on the basis of their qualifying $500,000 investments through the Immigrant Investor Program.

5. Defendants have continually refused or failed to perform statutory and regulatory duties owed to Plaintiffs. Accordingly, Plaintiffs seek *mandamus* relief arising out of the unlawful and unreasonably delayed actions of the Defendants.

## II. JOINDER OF PLAINTIFFS

6. Plaintiffs join in this action for relief as permitted by Rule 20(a)(1) of the Federal Rules of Civil Procedure, which provides that plaintiffs may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and if any question of law or fact common to all plaintiffs will arise in the action. Fed.R.Civ.P.20(a)(1).

7. Plaintiffs' assertion of their rights to a decision on their individual I-526 Petitions may be joined because those rights arise out of the same transaction: namely, the filing of I-526 Petitions with USCIS that were predicated on individual investments of $500,000 each in Rose Center Finance, LP (the "Company"). Petitioners each committed $500,000 in capital contributions to the Company as part of the same private offering for the purpose of financing a commercial real estate project (the "Rose Center Project"). Petitioners subsequently provided proof of those investments to USCIS to qualify for an immigrant visa through the Immigrant Investor Program.

8. Additionally, Joinder is permissible because the questions of law or fact common to each Plaintiff will necessarily arise in this action. The question of law posed to this Honorable Court is one that is common to all Plaintiffs: whether Plaintiffs are entitled to *mandamus* relief based on Defendants' failure to render a decision on Plaintiffs' I-526 Petitions within the timeframe provided by law. The questions of fact common to all Plaintiffs will necessarily arise in this action, namely whether Plaintiffs' properly filed I-526 Petitions remain pending with USCIS in excess of the time in which Plaintiffs are entitled to a decision. Conversely, any nuances specific to each Plaintiff's case will not arise in this action because the action is based on Defendants'

policies, practices, and failure to act, and not on the discretionary grant or denial of their individual petitions or applications.

9. Finally, Plaintiffs' request to join their claims is made in the interest of judicial economy, to preserve this Honorable Court's and Defendants' precious time and resources, and to avoid the needless expense of filing three independent but related complaints.

### III. <u>PARTIES</u>

10. Plaintiffs include three individuals, Chuang Hu, Rong Qian, and Zaiyi Qian, who are all citizens and nationals of The People's Republic of China.

11. Plaintiff, Chuang Hu, resides at Room 1802, No. 26, Lane 1028, Changshou Road, Putuo District in Shanghai, China, Postal Code 200438. He filed his Form I-526, Petition by Alien Entrepreneur ("I-526 Petition") with USCIS California Service Center on October 21, 2013. *See Exhibit 1.* Plaintiff Hu's spouse and child were included as derivative applicants in this filing. No action has been taken on Plaintiff Hu's Petition to date. *Id.*

12. Plaintiff, Rong Qian, resides at Room 602, No. 4, Lane 85, West Suzhou Road, Jian'an District in Shanghai, China, Postal Code 200041. He filed his I-526 Petition with USCIS California Service Center on August 27, 2013. *See Exhibit 2.* Plaintiff Rong Qian's spouse and child were included as derivative applicants in this filing. No action has been taken on Plaintiff Rong Qian's Petition to date. *Id.*

13. Plaintiff, Zaiyi Qian, resides at No. 135, Jiayuan Villa, Lane 658, Jiajian Highway, Jiading District in Shanghai, China, Postal Code 201822. He filed his I-526 Petition with USCIS California Service Center on August 26, 2013. *See Exhibit 3.* Plaintiff Zaiyi Qian's spouse and two children were included as derivative applicants in this filing. No action has been taken on Plaintiff Zaiyi Qian's Petition to date. *Id.*

14. Defendant, Jeh Johnson, is the Secretary of the United States Department of Homeland Security ("DHS"), whose office address is DHS, 245 Murray Lane, Building 410, SW, Washington, D.C. 20528.

15. Defendant, Leon Rodriguez, is the Director of United States Citizenship and Immigration Services ("USCIS"), whose office address is USCIS, 20 Massachusetts Avenue, NW, Washington, D.C. 20529. USCIS is the agency charged with, *inter alia*, the adjudication of applications and petitions for benefits provided under the Immigration and Nationality Act, including immigrant petitions such as the Form I-526 filed by Plaintiffs.

16. Defendant, Kathy Baran, is the Director of the USCIS California Service Center ("CSC"), whose address is 24000 Avila Road, 2nd Floor, Room 2312, Laguna Niguel, CA 92677.

17. Defendant, Nicholas Colucci, is the Chief of the Immigrant Investor Program of the United States Citizenship and Immigration Services ("USCIS"), whose office address is USCIS, 20 Massachusetts Avenue, NW, Washington, D.C. 20529.

18. Defendant James B. Comey is the Director of the Federal Bureau of Investigation (FBI), whose office address is FBI, J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535. As such, he is responsible for, *inter alia*, ensuring that a full criminal background check is completed for each individual applying for permanent residence. Pub. L. 105-119, tit. I, 111 Stat. 2440, 2448 – 49 (1997).

19. Each Defendant is sued in his or her official capacity as officers of the United States. Defendants Johnson, Rodriguez, Baran, and Colucci are responsible for, *inter alia*, the adjudication of applications and petitions for benefits provided under the Immigration and Nationality Act, including immigrant petitions such as the Form I-526 filed by Plaintiffs, pursuant to 8 U.S.C. § 1103, 8 U.S.C. § 1153, 8 C.F.R. § 2.1, 8 C.F.R. § 103.1(a), and 8 C.F.R. § 204.5.

## IV. JURISDICTION

20. Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 *et. seq.*, and 28 U.S.C. §2201 *et. seq.* Relief is requested pursuant to said statutes. Specifically, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and under 28 U.S.C. §1361, which provides district courts with "original jurisdiction of any action in the nature of *mandamus* to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." Further, the Declaratory Judgment Act, 28 U.S.C. §2201, provides that: "[i]n a case of actual controversy within its jurisdiction... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Review is also warranted, and relief sought, under the APA, 5 U.S.C. §701 *et seq.*, § 702, §706(1) and §555(b).

21. This action challenges the Defendants' procedural policies, practices, and failure to act, not the discretionary grant or denial of individual petitions or applications for relief. Therefore, this action is not subject to the jurisdiction-stripping provisions of 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252(a)(2)(B). Furthermore, under the terms of INA § 1153(b)(5), the decision on the immigrant petition for which *mandamus* is sought is not a discretionary determination.

## V. VENUE

22. Venue properly lies within the District of Columbia pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant in the action resides. Defendants Johnson, Rodriguez Colucci, and Comey all have offices located in the District of Columbia.

## VI. EXHAUSTION OF REMEDIES

23. There are no administrative remedies available to the Plaintiffs to redress the grievances described in the Complaint. Plaintiffs have made numerous follow up inquires with USCIS, including a letter on their behalf from Congressman Danny K. Davis, addressed to Defendant Rodriguez, in an attempt to ascertain when USCIS will adjudicate the petition, all to no avail. *See Exhibit 7.* Despite the individual best efforts of each Petitioner, USCIS refuses to provide any time frame for adjudication.

## VII. STAUTORY AND REGULATORY BACKGROUND

24. In 1990, Congress amended the Immigration and Nationality Act of 1965, allocating, *inter alia*, 10,000 immigrant visas per year to foreign nationals seeking Lawful Permanent Resident ("LPR") status on the basis of their capital investments in the United States. *See generally* the Immigration Act of 1990, Pub. L. No. 101-649, § 121(b)(5), 104 Stat. 4978 (1990) (codified at 8 U.S.C. § 1153(b)(5)).   Pursuant to the so-called "Immigrant Investor Program," foreign nationals may be eligible for an employment-based, fifth preference ("EB-5") immigrant visa if they have invested, or are actively in the process of investing, $1 million (or $500,000 in a high unemployment or rural area) in a qualifying for-profit entity (such as a commercial enterprise created after November 29, 1990), and if their capital investments will create or preserve at least ten (10) full-time, permanent jobs for qualified U.S. workers within the United States (namely, U.S. Citizens, LPRs, asylees, or refugees). *See* 8 U.S.C. § 1153(b)(5)(A)-(D); *see also* 8 C.F.R § 204.6(a)-(j). The EB-5 regulations further provide that, in order to qualify as an "investment" in the EB-5 Program, foreign nationals must actually place their capital "at risk" for the purpose of generating a return, and that the mere intent to invest is not sufficient. *See* 8 C.F.R. § 204.6(j)(2).

25. In 1993, the Immigrant Investor Pilot Program ("Pilot Program") was established pursuant to the provisions of section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriation Act. *See* Pub. L. No. 102-395, § 601, 106 Stat. 1828, 1874 (1992).   The eligibility requirements for foreign national-investors under the Pilot Program are essentially the same as in the standard EB-5 investor program, whereby the foreign national-investor may be eligible for an EB-5 immigrant visa on the basis of her capital investment of $1 million (or $500,000 in a high unemployment or rural area) in a qualifying for-profit entity that, in turn, creates or preserves at least ten (10) full-time, permanent jobs for qualified U.S. workers within the United States. *See generally* § 601 of Pub. L. No. 102-395; 8 C.F.R. § 204.6(m)(1)-(9).   Unlike the standard EB-5 investor program, however, the Pilot Program provides for investments that are affiliated with an economic entity (public or private) known as a "Regional Center." Investments made through USCIS-designated regional centers allow for a less restrictive job creation requirement based upon the creation of both "direct" and "indirect" jobs. *See* § 601(a)-(c) of Pub. L. No. 102-395; *see also* 8 C.F.R. § 204.6(e), (j)(4)(iii), (m)(7)(ii).   Since its enactment in 1992, Congress has regularly reauthorized the Pilot Program, and, most recently, in September 2012, Congress reaffirmed its commitment to the regional center model of investment and job creation by providing a three-year reauthorization of the regional center program through September 2015 and removing the word "pilot" from § 601 of Pub. L. 102-395. *See* S. 3245, 112th Cong. (2012).

26. For over twenty years, both the standard and regional center model immigrant investor programs have promoted Congress's intent to facilitate the immigration of foreign nationals whose capital investments into the U.S. economy would promote economic growth by improving regional productivity and creating jobs. *See* Pub. L. No. 102-395, § 601(a); *see also USCIS May 30, 2013 EB-5 Adjudications Policy Memorandum* ("The EB-5 program is based on our nation's

interest in promoting the immigration of people who invest their capital in new, restructured, or expanded businesses and projects in the United States and help create or preserve needed jobs for U.S. workers by doing so."). USCIS administers both the standard and regional center model immigrant investor programs.

27. In order to become an LPR through both the standard and regional center-model program, a foreign national must initially file with USCIS a Form I-526, Immigrant Petition by Alien Entrepreneur, which, if approved, makes the foreign national eligible to receive an employment-based, fifth preference immigrant visa, *see generally* 8 U.S.C. § 1153(b)(5). Upon approval of the I-526 Petition, the foreign national must file a Form I-485, Application to Adjust Status (if he is located in the United States), or a Form DS-230, Application for Immigrant Visa and Alien Registration (if he is located outside the United States). *See generally* 8 U.S.C. § 1201 (provisions relating to the issuance of entry documents), 8 U.S.C. § 1255 (provisions relating to adjustment of status). Upon adjustment of status or admission on an EB-5 immigrant visa, the foreign national is granted two years of conditional permanent resident status, provided that the foreign national is not otherwise ineligible for admission into the United States. *See generally* 8 U.S.C. § 1182 (provisions relating to excludable aliens). Finally, at the conclusion of the two-year conditional period, the foreign national must file a Form I-829, Petition to Remove the Conditions on his or her LPR status. If the foreign national has fulfilled the EB-5 requirements, then the conditions will be removed and the foreign national will be an unconditional LPR. *See generally* 8 U.S.C. § 1186b (provisions relating to conditional permanent resident status for certain alien entrepreneurs, spouses, and children).

28. According to 8 U.S.C. §1571(b), "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial

filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition."

## VIII. STATEMENT OF FACTS

### Background on the Investment Project & Plaintiffs' Combined $1.5 Million Investment

29. The Plaintiffs are citizens and nationals of The People's Republic of China who each filed I-526 Petitions seeking an employment-based, fifth preference immigrant visa. Plaintiffs' petitions are predicated on their capital investments of $500,000 each in Rose Center Finance, LP (the "Company"), a New Commercial Enterprise affiliated with Chicagoland Foreign Investment Group, LLC ("CFIG"), a USCIS-designated regional center. The Company was formed for the purposes of providing funding for the construction of a commercial real estate development (the "Rose Center"), including two commercial and residential building complexes in Cook County, Illinois. Plaintiffs' investment funds were provided to the Company to finance a loan to the project developer for purposes of completing construction of a new 118,800 square foot building complex, and for completing tailor-made interior improvements and fixtures on residential condominiums in the existing complex.

30. CFIG was initially designated as a USCIS-approved Regional Center on March 5, 2009, and is permitted to offer investment opportunities in a geographic territory that includes fourteen (14) counties in Illinois, five (5) counties in Indiana, and twelve (12) counties in Wisconsin. CFIG was approved to offer EB-5 compliant investment opportunities to fund the construction, renovation, and management of mixed-use projects including commercial and residential real estate development.

31. The project that is the subject of the Plaintiffs' Petitions (the "Rose Center Project") involves the construction of a new 118,800 square foot building complex with 72,000 square feet

of commercial space and 72 residential condominiums and completion of a 143,544 square foot building complex with 71,777 square feet of commercial space and 70 residential condominiums. The loan from the Company, which is financed in part by Plaintiffs, will be primarily used to construct the new building complex and finance completion of the interiors of 38 unfinished residential units in the existing building complex. Development of the Project is anticipated to cost approximately $32,537,404, and the Project is projected to generate substantial benefits for the local economy, including a net increase of 273 new permanent jobs, a cumulative total of $39.3 million in increased economic output, and $11.1 million in increased household earnings.

32. Funding for the Project includes $9 million in EB-5 financing from up to 18 foreign national investors contributing $500,000 each. Plaintiffs made equity investments of $500,000 each into Rose Center Finance, LP in exchange for Membership in the Company and 5.263% ownership. To date, all three of the individual Plaintiffs' investment funds remain at risk and available to the Company for use in the Project.

33. The EB-5 Regional Center program was set to expire on September 30, 2015, but was extended as part of a continuing resolution by Congress that will expire on September 30, 2016. Pursuant to S. 1501, pending in the U.S. Senate, the required investment amount for an EB-5 petition may increase substantially and render Plaintiffs' Petitions ineligible for approval.

34. In the event the Project is sold prior to the removal of Plaintiffs' conditions on their LPR status, the delay in adjudication of Plaintiffs' I-526 Petitions (which correspondingly delays the timeline for removal of their conditions) could result in Plaintiffs being unable to remove conditions on their residence, which could result in Plaintiffs being removed from the U.S.

35. Because of the Defendants' unreasonable delay in adjudicating the I-526 Petitions, Plaintiffs are prohibited from moving forward with the immigration process, and their potential opportunity to recoup their investments after removing conditions on their permanent residency

are indefinitely postponed. Therefore, the delay has caused Plaintiffs' funds to remain unnecessarily at risk pending the outcome of a decision by USCIS.

36. On August 12, 2013, Plaintiff Chuang Hu transferred $500,000 from his Standard Chartered Bank account to the escrow account of the Company. *See Exhibit 4.* At that time, Plaintiff Hu's investment became active and irrevocably committed in accordance with EB-5 regulations and remains at risk.

37. On October 21, 2013, Plaintiff Hu, through counsel, filed his Form I-526, Immigrant Petition by Alien Entrepreneur, along with substantial documentation relating to the Project and his lawful source and path of investment funds. As of January 2016, USCIS processing times indicate that it takes approximately 15.5 months to review I-526 Petitions. *See Exhibit 8.*

38. At present, it has been more than **27 months** since the initial filing of Plaintiff Hu's I-526 Petition and USCIS has yet to adjudicate the Petition or provide any substantive feedback regarding when Plaintiff Hu can expect a decision.

39. The Defendants' delay in adjudicating Plaintiff Hu's Petition has created significant hardship for him and his family. For example, as a result of the delay in adjudication, Plaintiff Hu incurred financial hardship due to having investment capital remain at risk indefinitely that he cannot recoup until approval of his I-829 Petition, the timing of which is predicated on approval of the I-526 Petition. Additionally, Plaintiff Hu and his family purchased properties in the United States in anticipation of a decision on the I-526 Petition, but have been forced to rent those properties indefinitely to short-term renters, incurring further financial hardship. Also, Plaintiff Hu manages a logistics business in China, and planned to expand that business in the United States pending a decision on the I-526 Petition, but those plans are stymied while the Petition remains in administrative limbo. Plaintiff Hu's family members have also been directly affected by the delay, including his spouse and their twelve-year-old daughter. Plaintiff Hu filed

his I-526 Petition with the hope that his daughter would have the opportunity to pursue middle school in the United States before entering high school, thereby affording her ample time to adapt to the language and culture of this country before entering high school. However, Defendants' delay in adjudication means Plaintiff Hu's daughter will likely complete middle school in China and face the unanticipated challenge of assimilating to life in this country during the same critical years that she prepares for college.

40. On June 5, 2013, Plaintiff Rong Qian transferred $500,000 from his account at Standard Chartered Bank to the escrow account of the Company. *See Exhibit 5*. At that time, Plaintiff Rong Qian's investment became active and irrevocably committed in accordance with EB-5 regulations and remains at risk.

41. At present, it has been more than **31 months** since the initial filing of Plaintiff Rong Qian's I-526 Petition and USCIS has yet to adjudicate the Petition or provide any substantive feedback regarding when Plaintiff Rong Qian can expect a decision.

42. The Defendants' delay in adjudicating Plaintiff Rong Qian's I-526 Petition has created significant hardship for him and his family. For example, as a result of the delay in adjudication, Plaintiff Rong Qian has incurred the financial hardship associated with having his investment capital remain at risk indefinitely, denying him the potential opportunity to recoup his investment funds after approval of his I-829 Petition. Additionally, the Defendants' delay in adjudicating Plaintiff Rong Qian's I-526 Petition has potentially jeopardized the future immigration prospects of his spouse and 17-year-old son in the event the I-526 Petition is denied. Presently, Plaintiff Rong Qian's 17-year-old son is eligible to receive an immigrant visa as the "child" derivative beneficiary of the I-526 Petition (assuming the Petition is approved) because he was under 21 years of age at the time Plaintiff filed his Petition. *See generally* INA § 203(h), 8 U.S.C. § 1153(h) (permitting the time a visa petition was pending to be subtracted from the visa

beneficiary's biological age at the time of visa availability). However, should USCIS deny Plaintiff Rong Qian's I-526 Petition, and he elects to file another immigrant visa petition (EB-5 or otherwise), his child runs the risk of no longer being considered a "child" within the meaning of the INA as a result of the Defendants' protracted delay in adjudicating the pending I-526 Petition, and thus ineligible to receive an immigrant visa as the derivative beneficiary of an immigrant visa petition. Furthermore, Plaintiff Rong Qian's son is currently a junior in high school and is in the process of preparing for college. Despite initiating the immigration process three years ago, Plaintiff Rong Qian and his family must decide whether his son will take the National College Entrance Exams in China or continue to wait indefinitely in the hopes he will be able to pursue higher education in the United States as planned. The delays in adjudication have therefore relegated Plaintiff Rong Qian and his family to a state of administrative limbo that precludes them from coordinating their future personal, professional, and academic lives.

43. On May 22, 2013, Plaintiff Zaiyi Qian transferred $500,000 from his account at Caribbean Mercantile Bank Account to the escrow account of the Company. *See Exhibit 6.* At that time, Plaintiff Zaiyi Qian's investment became active and irrevocably committed in accordance with EB-5 regulations and remains at risk.

44. At present, it has been more than **32 months** since the initial filing of Plaintiff Ziayi Qian's I-526 Petition and USCIS has yet to adjudicate the Petition or provide any substantive feedback regarding when Plaintiff Zaiyi Qian can expect a decision.

45. The Defendants' delay in adjudicating Plaintiff Zaiyi Qian's I-526 petition has created significant hardship for him and his family. For example, as a result of the delay in adjudication, Plaintiff Zaiyi Qian incurred the financial hardship associated with placing investment capital at risk indefinitely, with no foreseeable timeframe for recouping his investment funds after approval of an I-829 Petition. Additionally, Plaintiff Zaiyi Qian is the Managing Partner of a

Shanghai-based financial advisory and investment management firm, Mulun Capital, Inc., that deals mainly in asset management in the oil and gas industry but currently has no presence in the Americas.  Plaintiff Zaiyi Qian intended to expand his business into the U.S. as part of the company's strategic development effort; however, the planned expansion is stalled as a result of adjudication delays, causing a significant setback for the company and for Plaintiff Zaiyi Qian personally.  Furthermore, Plaintiff Zaiyi Qian's spouse is a project manager at an international consulting company whose future career plans remain uncertain while the family awaits a decision on the long-pending Petition.  Finally, the future education of Plaintiff Zaiyi Qian's eleven-year-old, twin daughters is in question while the family awaits a decision on the Petition. The family has already taken the important step of visiting the community and school district where the children would attend school pending I-526 approval.  The inability for the family to take any more important steps toward their future is a source of great distress that is directly caused by the adjudication delays.

## IX. SUMMARY OF CLAIMS

46. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law.  Plaintiffs have individually and collectively committed substantial time and resources to preparing and filing their I-526 Petitions.  In spite of these efforts, however, Defendants have willfully and unreasonably delayed adjudicating Plaintiffs' I-526 Petitions, and none of the Plaintiffs has received any meaningful feedback regarding the status of their cases beyond the form language contained in USCIS's case status updates, which only indicate that the agency cannot provide Plaintiffs with a completion date. USCIS has not provided any written decision or further written update regarding any of the Plaintiffs' I-526 Petitions, thus leaving the three Plaintiffs and their families in a state of uncertainty and inordinate despair.

47. Plaintiffs have been, and continue to be, irreparably harmed by the delay in adjudicating their I-526 Petitions, which have been pending with USCIS well in excess of the processing times on which they reasonably relied at the time of their investment and those anticipated by Congress.  Plaintiffs each filed I-526 Petitions between May and October of 2013, amounting to delays ranging from 27 months, at a minimum, up to 32 months.

48. Plaintiffs have been needlessly relegated to a form of administrative limbo in which they are unable to obtain employment-based, fifth preference immigrant visas, and, thereafter, conditional lawful permanent resident status.

49. Plaintiffs have irrevocably committed significant financial capital of over $500,000 and collectively more than $1,500,000 for the purpose of qualifying for EB-5 immigrant visas. Plaintiffs have not had access to these funds for over two years, and investment funds will continue to remain unavailable to them for an indefinite period of time pending USCIS's adjudication of their Petitions.

50. The Defendants' protracted delay in adjudicating each of the Plaintiffs' I-526 Petitions clearly contravenes Congress's intent that immigrant benefit applications be adjudicated "not later than 180 days after the initial filing of the application." 8 U.S.C. §1571(b).

## X. CAUSES OF ACTION

### Count I

*(Violation of Administrative Procedure Act)*

51. Plaintiffs incorporate paragraphs 1 through 50 as if fully stated in this Count.

52. Defendants' practices, policies, interpretations of law, conduct and failures to act violate the *Administrative Procedure Act*, as the alleged agency action is:

1. "unlawfully withheld or unreasonably delayed," under 5 USC § 706(1);

2. not concluded "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time," under 5 USC § 555(b);

3. "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law," under 5 USC § 706(2)(A); and

4. "without observance of procedures required by law," under 5 USC § 706(2)(D).

53. As a result, Plaintiffs have suffered irreparable harm, entitling them to relief.

### Count II

*(Petition for Mandamus)*

54. Plaintiffs incorporate paragraphs 1 through 50 as if fully stated in this Count.

55. Defendants are charged with a duty to administer and enforce the Immigration and Nationality Act, pursuant to 8 U.S.C. §1103.  Defendants Johnson, Rodriguez, Baran and Colucci have sole responsibility for the adjudication of applications and petitions for benefits provided under the Immigration and Nationality Act, including immigrant petitions such as the Forms I-526 filed by Plaintiffs, pursuant to 8 U.S.C. § 1103, 8 U.S.C. § 1153, 8 C.F.R. § 2.1, 8 C.F.R. § 103.1(a), and 8 C.F.R. § 204.5. Upon information and belief, Defendant Comey has failed to conduct and/or provide the results of the requisite criminal background check relating to

Plaintiffs' I-526 Petitions. Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

56. Plaintiffs have a clear right to have their I-526 Petitions adjudicated pursuant to the Immigration and Nationality Act.

57. Plaintiffs have no remaining administrative remedies available to compel Defendants to perform their statutory and regulatory duties, but rather have exhausted all administrative means by which they can request a decision. The Petitions have been pending well beyond reasonable processing times and fall outside the timeline accorded to them by law.

58. Pursuant to 28 USC § 1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiffs, so that Plaintiffs may be promptly informed of the outcome of their I-526 Petitions.

**Count III**

*Equal Access to Justice Act*

59. Plaintiff incorporates paragraphs 1 through 50 as if fully stated in this count.

60. If Plaintiffs prevail, they will seek attorneys' fees and costs, pursuant to 5 USC § 504 and 28 USC § 2412. Plaintiffs have retained the law firm of Klasko Immigration Law Partners, LLP to represent them in this action. Defendants are obligated to pay reasonable attorneys' fees and the costs incurred in the prosecution of this cause.

## XI. **PRAYER**

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

1. Granting Plaintiffs a Writ of Mandamus and order under the A.P.A. requiring Defendants to adjudicate the pending I-526 Petitions within 30 days;

2. Awarding Plaintiffs reasonable attorneys' fees;

3. Granting such other relief at law and in equity as justice may require.

   and

4. It is further requested that the Court retain jurisdiction over this matter to ensure Defendants' compliance with this Court's order.

Respectfully submitted this 5th day of February 2016,

By counsel,

Thomas K. Ragland
D.C. Bar No. 501021
Clark Hill PLC
601 Pennsylvania Ave. N.W.
North Building, Suite 1000
Washington, DC 20004
T: (202) 552-2360
F: (202) 772-0901
E: tragland@clarkhill.com

# EXHIBIT 1

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | | NOTICE DATE |
|---|---|---|
| Receipt | | October 23, 2013 |
| **CASE TYPE** | | **USCIS ALIEN NUMBER** |
| I-526, Immigrant Petition by Alien Entrepreneur | | |
| **RECEIPT NUMBER** | **RECEIVED DATE** | **PAGE** |
| WAC1490020530 | October 21, 2013 | 1 of 1 |
| **PRIORITY DATE** | **PREFERENCE CLASSIFICATION** | **DATE OF BIRTH** |
| October 21, 2013 | 203 B5 I-526 | April 24, 1973 |

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $1,500.00 |
| Biometrics Fee: | $0.00 |
| Total Amount Received: | $1,500.00 |
| Total Balance Due: | $0.00 |

CHUANG HU
C/O JASON A. BLATT WESTLEAD CAPITAL INC
369 FUHSING NORTH ROAD FLR 15F2
TAIPEI, 105
TAIWAN

NAME AND MAILING ADDRESS

The above case has been received by our office and is in process.

Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes.

Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**. Please also refer to the USCIS website: www.uscis.gov.

If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

| USCIS Office Address: | USCIS Customer Service Number: |
|---|---|
| USCIS | (800)375-5283 |
| California Service Center | ATTORNEY COPY |
| P.O. Box 30111 | |
| Laguna Niguel, CA  92607-0111 | |

Form I-797C Lookbox (LB)   01/02/12 Y

# Case Was Received

On October 21, 2013, we received your Form I-526, Immigrant Petition by Alien Entrepreneur, Receipt Number WAC1490020530, and sent you the receipt notice that describes how we will process your case. Please follow the instructions in the notice. If you do not receive your receipt notice by November 20, 2013, please call Customer Service at 1-800-375-5283. If you move, go to www.uscis.gov/addresschange (https://egov.uscis.gov/coa/displayCOAForm.do) to give us your new mailing address.

**Enter Another Receipt Number** ⓘ

CHECK STATUS

## RELATED TOOLS



MAKE UPDATES

Change of Address

GET HELP

Submit a Case Inquiry

# EXHIBIT 2

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | NOTICE DATE |
|---|---|
| Receipt | August 29, 2013 |
| **CASE TYPE** | **USCIS ALIEN NUMBER** |
| I-526, Immigrant Petition by Alien Entrepreneur | |
| **RECEIPT NUMBER** | **RECEIVED DATE** | **PAGE** |
| WAC1390593770 | August 27, 2013 | 1 of 1 |
| **PRIORITY DATE** | **PREFERENCE CLASSIFICATION** | **DATE OF BIRTH** |
| August 27, 2013 | 203 B5 I-526 | November 27, 1967 |

PAYMENT INFORMATION:

RONG QIAN
C/O JASON A. BLATT WESTLEAD CAPITAL INC
369 FUHSING NORTH ROAD FLR 15F2
TAIPEI, 105
TAIWAN

| | |
|---|---|
| Application/Petition Fee: | $1,500.00 |
| Biometrics Fee: | $0.00 |
| Total Amount Received: | $1,500.00 |
| Total Balance Due: | $0.00 |

NAME AND MAILING ADDRESS

The above case has been received by our office and is in process.

Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes.

Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**. Please also refer to the USCIS website: www.uscis.gov.

If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

| USCIS Office Address: | USCIS Customer Service Number: |
|---|---|
| USCIS | (800)375-5283 |
| California Service Center | ATTORNEY COPY |
| P.O. Box 30111 | |
| Laguna Niguel, CA  92607-0111 | |

Form I-797C Lockbox (LB)   01/02/12 Y

# Case Was Received

On August 27, 2013, we received your Form I-526, Immigrant
Petition by Alien Entrepreneur, Receipt Number
WAC1390593770, and sent you the receipt notice that describes
how we will process your case. Please follow the instructions in
the notice. If you do not receive your receipt notice by September
26, 2013, please call Customer Service at 1-800-375-5283. If you
move, go to www.uscis.gov/addresschange
(https://egov.uscis.gov/coa/displayCOAForm.do) to give us your
new mailing address.

**Enter Another Receipt Number** ?

CHECK STATUS

## RELATED TOOLS





# EXHIBIT 3

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | | NOTICE DATE |
|---|---|---|
| Receipt | | August 28, 2013 |
| CASE TYPE | | USCIS ALIEN NUMBER |
| I-526, Immigrant Petition by Alien Entrepreneur | | |
| RECEIPT NUMBER | RECEIVED DATE | PAGE |
| WAC1390591593 | August 26, 2013 | 1 of 1 |
| PRIORITY DATE | PREFERENCE CLASSIFICATION | DATE OF BIRTH |
| August 26, 2013 | 203 B5 I-526 | December 15, 1979 |

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $1,500.00 |
| Biometrics Fee: | $0.00 |
| Total Amount Received: | $1,500.00 |
| Total Balance Due: | $0.00 |

ZAIYI QIAN
C/O JASON A. BLATT WESTLEAD CAPITAL INC
369 FUHSING NORTH ROAD FLR 15F2
TAIPEI, 105
TAIWAN

NAME AND MAILING ADDRESS

The above case has been received by our office and is in process.

Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes.

Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call the NCSC TDD at 1-800-767-1833. Please also refer to the USCIS website: www.uscis.gov.

If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

| USCIS Office Address: | USCIS Customer Service Number: |
|---|---|
| USCIS | (800)375-5283 |
| California Service Center | ATTORNEY COPY |
| P.O. Box 30111 |  |
| Laguna Niguel, CA  92607-0111 | |

Form I-797C Lockbox (LB)  01/02/12 Y

# Case Was Received

On August 26, 2013, we received your Form I-526, Immigrant
Petition by Alien Entrepreneur, Receipt Number
WAC1390591593, and sent you the receipt notice that describes
how we will process your case. Please follow the instructions in
the notice. If you do not receive your receipt notice by September
25, 2013, please call Customer Service at 1-800-375-5283. If you
move, go to www.uscis.gov/addresschange
(https://egov.uscis.gov/coa/displayCOAForm.do) to give us your
new mailing address.

**Enter Another Receipt Number** (?)

CHECK STATUS

## RELATED TOOLS



MAKE UPDATES

Change
of Address

GET HELP

Submit a
Case Inquiry

# EXHIBIT 4

Appendix 13 (1/1)



Charles Henderson
Trust Officer, Escrow Services

Suntrust Bank
919 East Main Street
7th Floor
Richmond, VA 23219
Tel 804.782.7087
Fax 804.782.7855
Charles.henderson@suntrust.com

PRIVATE AND CONFIDENTIAL
A Chicago Convention Center, LLC
8201 West Higgins Road
Chicago, IL 60631

Attn: Mr. Anshoo Sethi

Re:  United States Citizenship and Immigration EB-5 Investor Visa Program (the "Program")
June 1, 2012

Dear Mr. Sethi:

We refer to the Escrow Agreement dated November 10, 2011 by and among A Chicago
Convention Center, LLC, NES Financial, LLC and SunTrust Bank, LLC, and The Investors Listed on
each signature page thereto, and SUNTRUST/NES Financial as Escrow Agent (the "Escrow
Agreement") pursuant to which we were appointed to:

(a)    receive the Subscription Proceeds from investors hoping to participate in the Program
       established under the United States Immigration and Nationality Act; and

We hereby acknowledge that:

1. We have received on June 1, 2012
From: Chuang Hu
Amount: $500,000.00

2. We will hold and release the said sum in accordance with the Terms and Conditions as
prescribed in the Escrow Agreement.

SunTrust Bank,
as Escrow Agent

Charles Henderson
Trust Officer, Escrow Services

This is a true and complete copy of
original

0 6 JUN 2012

# EXHIBIT 5


Appendix 17 (2/2)


**SUNTRUST**

Charles Henderson
Trust Officer, Escrow Services

Suntrust Bank
919 East Main Street
7th Floor
Richmond, VA 23219
Tel 804.782.7087
Fax 804.782.7855
Charles.henderson@suntrust.com

PRIVATE AND CONFIDENTIAL
A Chicago Convention Center, LLC
8201 West Higgins Road
Chicago, IL 60631

Attn: Mr. Anshoo Sethi

Re: United States Citizenship and Immigration EB-5 Investor Visa Program (the "Program")
May 22, 2012

Dear Mr. Sethi:

We refer to the Escrow Agreement dated November 10, 2011 by and among A Chicago
Convention Center, LLC, NES Financial, LLC and SunTrust Bank, LLC, and The Investors Listed on
each signature page thereto, and SUNTRUST/NES Financial as Escrow Agent (the "Escrow
Agreement") pursuant to which we were appointed to:

(a)   receive the Subscription Proceeds from investors hoping to participate in the Program
established under the United States Immigration and Nationality Act; and

We hereby acknowledge that:

1. We have received on May 22, 2012
From: Qian Rong
Amount: $500,000.00

2. We will hold and release the said sum in accordance with the Terms and Conditions as
prescribed in the Escrow Agreement.

SunTrust Bank,
as Escrow Agent

Charles Henderson
Trust Officer, Escrow Services

a true and complete
copy

Tong

plains (Prat:
.43
0 8 JUN 2012

# EXHIBIT 6



**SUNTRUST**

Charles Henderson
Trust Officer

Suntrust Bank
919 East Main Street
7th Floor
Richmond, VA 23219
Tel 804.782.7087
Fax 804.782.7885
Charles.henderson@suntrust.com

January 10, 2013

PRIVATE AND CONFIDENTIAL
A Chicago Convention Center, LLC
1314 South Plymouth Court
Chicago, IL 60605

Attn: Mr. Anshoo Sethi

Re: United States Citizenship and Immigration EB-5 Investor Visa Program (the "Program")

Dear Mr. Sethi:

We refer to the Escrow Agreement dated November 10, 2011 by and among A Chicago Convention Center, LLC, NES Financial, LLC and SunTrust Bank, LLC, and The Investors Listed on each signature page thereto, and SUNTRUST/NES Financial as Escrow Agent (the "Escrow Agreement") pursuant to which we were appointed to:

(a)     receive the Subscription Proceeds from investors hoping to participate in the Program established under the United States Immigration and Nationality Act; and

We hereby acknowledge that:

1.     We have received on January 10, 2013
       From: Qian Zaiyi
       Amount: $500,010.00

2.     We will hold and release the said sum in accordance with the Terms and Conditions as prescribed in the Escrow Agreement.

Very Truly Yours,

Charles Henderson
Trust Officer

# EXHIBIT  7

DANNY K. DAVIS
7TH DISTRICT, ILLINOIS

WASHINGTON OFFICE:
2159 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-5006
(202) 225-5641 (fax)

CHICAGO OFFICE:
2746 WEST MADISON STREET
CHICAGO, IL 60612
(773) 533-7520
(773) 533-7530 (fax)



# Congress of the United States
## House of Representatives

COMMITTEE ON
WAYS AND MEANS

SUBCOMMITTEES:
OVERSIGHT

HUMAN RESOURCES

COMMITTEE ON OVERSIGHT
AND GOVERNMENT REFORM

SUBCOMMITTEES:
ECONOMIC GROWTH, JOB CREATION, AND
REGULATORY AFFAIRS

ENERGY POLICY, HEALTH CARE,
AND ENTITLEMENTS

April 8, 2015

Mr. Leon Rodriguez
Director
United States Citizenship and Immigration Services
111 Massachusetts Ave., N.W.
Washington, D.C. 20001

Re:    Status of I-526 Petitions

Dear Director Rodriguez:

I write to inquire about the current status of 18 I-526 Petitions submitted by alien entrepreneur investors who have invested a total of $9,000.000 into Rose Center Finance, L.P., a new commercial enterprise organized under Chicago land Foreign Investment Group LLC, an USCIS-designated EB-5 Immigrant Investor Program Regional Center. A list of the investors names, file numbers and priority dates are attached along with copies of authorization letters from the investors.

I have been informed that most of the aforementioned investors' I-526 Petitions have been pending at USCIS for more than eighteen (18) months without any kind of response. The standard processing time for an I-526 Petition as announced by USCIS on January 31, 2015 was 14.2 months. Therefore, these petitions have been pending for much longer that USCIS' own announced processing time.

The $9,000.000 investment capital contributed by these investors is expected to create no less than 323 new jobs in the State of Illinois, most of which would be concentrated within the 7th Congressional District that I represent. However, this investment capital cannot be released to the enterprise for job-creating purposes until such time as USCIS has adjudicated the petitions. The delay in adjudication is stalling the creation of jobs, which of course was the reason why the U.S. Congress enacted the EB-5 Immigrant Investor Program.

Because the amount of time USCIS has taken to review these petitions has already far exceeded USCIS' own announced standard processing time and because creation of new jobs in my state and Congressional District is one of my main priorities at this time, I wish to submit an inquiry into the current status of USCIS' review of these eighteen (18) petitions. I wish to stress that I do not seek any kind of special or preferential treatment for these petitions and that I only wish to see USCIS promptly adjudicate the petitions so that these jobs may finally start to be created.

If review is being delayed because of something that the investors or the enterprise should be providing to USCIS, I request that you promptly inform my office so that the needed items can be provided to you without delay.

I thank you for your time and patience with this matter, which is very important to my office and constituents.

Sincerely,

Danny K. Davis
Member of Congress, IL-7

DKD:jmw

enclosures

## F. Oliver Yang

| | |
|---|---|
| **From:** | USCIS Immigrant Investor Program [USCIS.ImmigrantInvestorProgram@uscis.dhs.gov] |
| **Sent:** | Thursday, October 08, 2015 8:53 AM |
| **To:** | Rodger Hu |
| **Subject:** | RE: RESPONSE: RESPONSE: Response: Your recent inquiry (receipt #WAC1490020530) |

Dear Rodger Hu,

Thank you for your inquiry. The required administrative processing for the case/petition remains pending. We will render a decision after this processing is complete.   USCIS is committed to adjudicating immigration benefits in a timely manner while also ensuring public safety and national security.   Though administrative processing for most applications or petitions is completed quickly, a small percentage of cases have unresolved issues that temporarily delay adjudication of the application or petition. Although USCIS makes every effort to resolve such cases promptly, we are unable to move forward until all outstanding issues have been resolved to our satisfaction.   If you do not receive a decision within three months of this inquiry, please send another e-mail to USCIS.ImmigrantInvestorProgram@dhs.gov and we will provide you with an update.

Most Sincerely,
ST0002


-----Original Message-----
From: Rodger Hu [mailto:rodgerhu@transfre.com]
Sent: Wednesday, October 07, 2015 11:00 PM
To: USCIS Immigrant Investor Program
Subject: 答复: RESPONSE: RESPONSE: Response: Your recent inquiry (receipt #WAC1490020530)
Importance: High

Dear Madam/Sir,
Good morning! Several months past again, but there is not any further information about my case and our project, it was long time(over 25 months) over your normal process time. Can you pls check the situation on your side.


Brgds
Rodger Hu

-----邮件原件-----
发件人: USCIS Immigrant Investor Program
[mailto:USCIS.ImmigrantInvestorProgram@uscis.dhs.gov]
发送时间: 2015 年 8 月 11 日  0:36
收件人: Rodger Hu
主题: RESPONSE: RESPONSE: Response: Your recent inquiry (receipt #WAC1490020530)

1

Dear Rodger Hu,

Thank you for your inquiry. The required administrative processing for the case/petition remains pending. We will render a decision after this processing is complete.   USCIS is committed to adjudicating immigration benefits in a timely manner while also ensuring public safety and national security.   Though administrative processing for most applications or petitions is completed quickly, a small percentage of cases have unresolved issues that temporarily delay adjudication of the application or petition. Although USCIS makes every effort to resolve such cases promptly, we are unable to move forward until all outstanding issues have been resolved to our satisfaction.   If you do not receive a decision within three months of this inquiry, please send another e-mail to USCIS.ImmigrantInvestorProgram@dhs.gov and we will provide you with an update.

Sincerely,

Immigrant Investor Program Office
U.S. Citizenship and Immigration Services
MS0014


-----Original Message-----
From: Rodger Hu [mailto:rodgerhu@transfre.com]
Sent: Monday, August 10, 2015 6:00 AM
To: USCIS Immigrant Investor Program
Subject: 答复: RESPONSE: Response: Your recent inquiry (receipt #WAC1490020530)
Importance: High

Dear Madam/Sir,
Appros 3 months past again, but I did not receive any updated information about our case, it was around 2 years from we received WAC nbr, can you pls check with your team for situation of our program(Rose Center). Thanks for your understanding in advance.

Brgds
Rodger Hu

-----邮件原件-----
发件人: USCIS Immigrant Investor Program
[mailto:USCIS.ImmigrantInvestorProgram@uscis.dhs.gov]
发送时间: 2015 年 5 月 27 日 1:45
收件人: Rodger Hu
主题: RESPONSE: Response: Your recent inquiry (receipt #WAC1490020530)

Dear Rodger Hu,

Thank you for your inquiry. The required administrative processing for the case/petition remains pending. We will render a decision after this processing is complete.   USCIS is committed to adjudicating immigration benefits in a timely manner while also ensuring public safety and national

security.   Though administrative processing for most applications or petitions is completed quickly, a small percentage of cases have unresolved issues that temporarily delay adjudication of the application or petition. Although USCIS makes every effort to resolve such cases promptly, we are unable to move forward until all outstanding issues have been resolved to our satisfaction.   If you do not receive a decision within three months of this inquiry, please send another e-mail to USCIS.ImmigrantInvestorProgram@dhs.gov and we will provide you with an update.

Sincerely,

Immigrant Investor Program Office
U.S. Citizenship and Immigration Services
DA0033

-----Original Message-----
From: Rodger Hu [mailto:rodgerhu@transfre.com]
Sent: Tuesday, May 19, 2015 5:50 AM
To: USCIS Immigrant Investor Program
Subject: 答复: Response: Your recent inquiry (receipt #WAC1490020530)
Importance: High

Dear Madam/Sir,
Thanks for your prompt reply. I checked the web site you mentioned weekly, but without any update information (just show my case was received) in the past 18 months.
As per your "IPO Processing Dates", it was shown 14 months for process time, but our case was processed over 18 months. Can you pls estimate how long time will be still waited for further information? If we have to wait more time than 6 months, maybe we have to think about the other choice, because my daughter is growing soon. And it would take a long to process for next step handling after pass I-526.
Thanks for your understanding with our situation.

Brgds
Rodger

-----邮件原件-----
发件人: USCIS Immigrant Investor Program
[mailto:USCIS.ImmigrantInvestorProgram@uscis.dhs.gov]
发送时间: 2015 年 5 月 15 日  21:00
收件人: Rodger Hu
主题: Response: Your recent inquiry (receipt #WAC1490020530)

Dear Rodger Hu,

There is no additional update to provide at this time. Please know that we are avidly working to reduce processing times.

Please click on "IPO Processing Dates" on the USCIS Processing Time Information page for the current Form I-526 processing time.

As a reminder, you may check the status of your pending Form I-526 at any

time through My Case Status.

Sincerely,

Immigrant Investor Program Office
U.S. Citizenship and Immigration Services
DA0048


-----Original Message-----
From: Rodger Hu [mailto:rodgerhu@transfre.com]
Sent: Monday, May 11, 2015 11:10 AM
To: 'USCIS'; USCIS Immigrant Investor Program
Subject: 答复: Your recent inquiry (receipt #WAC-14-900-20530)
Importance: High

Dear Madam/Sir,
Any further information for my case?

Brgds
Rodger


-----邮件原件-----
发件人: Rodger Hu [mailto:rodgerhu@transfre.com]
发送时间: 2015 年 5 月 7 日 13:50
收件人: 'USCIS'; 'USCIS.ImmigrantInvestorProgram@dhs.gov'
主题: 答复: Your recent inquiry (receipt #WAC-14-900-20530)
重要性: 高

Dear Madem/Sir,
Good morning!
For our case, it was over 18 months, we did not get any information about
it. Can you pls kindly check it for us with any further news.
Thanks so much in advance.

Brgds
Rodger


-----邮件原件-----
发件人: USCIS [mailto:USCIS-CaseStatus@dhs.gov]
发送时间: 2015 年 3 月 19 日 4:33
收件人: rodgerhu@transfre.com
主题: Your recent inquiry (receipt #WAC-14-900-20530)

U.S. Department of Homeland Security
20 Massachusetts Ave
Washington,DC 20529

U.S. Citizenship and Immigration Services Wednesday, March 18, 2015

Emailed to rodgerhu@transfre.com

Dear Chuang Hu:

On 03/18/2015 you, or the designated representative shown below, contacted us about your case.   Some of the key information given to us at that time was the following:

Caller indicated they are:
  -- Applicant or Petitioner

Attorney Name:
  -- Information not available

Case type:
  -- I526

Filing date:
  -- 10/21/2013

Receipt #:
  -- WAC-14-900-20530

Referral ID:
SR10771500088IPO
Beneficiary (if you filed for someone else):
  -- Information not available

Your USCIS Account Number (A-number):
  -- Information not available

Type of service requested:
  -- Outside Normal Processing Times


The status of this service request is:

Thank you for your inquiry. The required administrative processing for the case/petition remains pending. We will render a decision after this processing is complete.   USCIS is committed to adjudicating immigration benefits in a timely manner while also ensuring public safety and national security.   Though administrative processing for most applications or petitions is completed quickly, a small percentage of cases have unresolved issues that temporarily delay adjudication of the application or petition. Although USCIS makes every effort to resolve such cases promptly, we are unable to move forward until all outstanding issues have been resolved to our satisfaction.   If you do not receive a decision within three months of this inquiry, please send another e-mail to USCIS.ImmigrantInvestorProgram@dhs.gov and we will provide you with an update.DA0008

# EXHIBIT 8



Home | Español | Site Map

Search [ Search ]

FORMS        NEWS        RESOURCES        LAWS        OUTREACH        ABOUT US

**USCIS Processing Time Information**

[ Print This Page ]  [ Back ]

### USCIS Processing Time Information for the
### Immigrant Investor Program Office

**Instructions on Using the Chart**

Below is a chart that shows the form number, form name and processing times for the following forms that are processed by the Immigrant Investor Program Office (IPO).

Find the particular form number (in the left column) or form name (in the center column) in which you are interested. In the right column you will find a timeframe in months representing the average processing time for that form type. Please note some cases may take longer to process.

We offer a variety of services after you file. For a Form I-526 you can check the status of your case online or email USCIS.ImmigrantInvestorProgram@uscis.dhs.gov if your Form I-526, Form I-829, or Form I-924 is beyond the stated processing timeframe.

Average Processing Times for Immigrant Investor Program Office as of: November 30, 2015

| Form | Title | Classification or Basis for Filing: | Processing Timeframe: |
|---|---|---|---|
| I-526 | Immigrant Petition By Alien Entrepreneur | For use by an entrepreneur who wishes to immigrate to the United States | 15.5 Month(s) |
| I-829 | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) | 15.7 Month(s) |
| I-924 | Application For Regional Center Under the Immigrant Investor Pilot Program | I924 - Application For Regional Center Under the Immigrant Investor Pilot Program | 7.9 Month(s) |

[ Print This Page ]  [ Back ]

Last Updated: January 12, 2016

Contact Us                White House.gov         U.S. Department of Homeland Security   Freedom of Information Act (FOIA)
Site Map (Index)          US Department of State  US Customs & Border Patrol            No FEAR Act
Careers at USCIS          USA.gov                 US Immigration & Customs Enforcement  Website Policies
Adobe PDF Reader                                                                        Privacy Policy
Windows Media Player                                                                    Accessibility